**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**TERRANCE JOHNSON**                                                **PETITIONER**
**ADC #131197**

**v.**                        **CASE NO.: 5:09CV00047-JMM-BD**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                               **RESPONDENT**


## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District

Judge James M. Moody.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen

(14) days from the date of the Recommended Disposition.  A copy will be furnished to

the opposing party.   Failure to file timely objections may result in waiver of the right to

appeal questions of fact.

1

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background</u>

In 2004, a Jefferson County, Arkansas jury found Petitioner Terrance Johnson guilty of first-degree murder, committing a terroristic act, and discharging a firearm from a vehicle. *Johnson v. State*, No. CR 06-1304, 2008 WL 1821985 at *1 (April 24, 2008). The court sentenced Petitioner to an aggregate term of 528 months in the Arkansas Department of Correction. *Id*.

Petitioner filed a direct appeal with the Arkansas Court of Appeals claiming: (1) insufficient evidence to support his conviction; (2) the trial court erred in refusing to admit exculpatory deposition testimony; and (3) the trial court erred in denying his motion for a new trial. *Johnson v. State*, No. CACR 04-1275, 2005 WL 2375226 at *1 (Sept. 28, 2005). The Court of Appeals found no error and affirmed. *Id*.

On December 15, 2005, Petitioner filed a petition with the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure claiming he was denied effective assistance of counsel at trial because his counsel failed to properly advise him of his defense options and failed to pursue the best defense presented by the evidence. On January 20, 2006, Petitioner filed a motion for leave to amend the Rule 37 petition to add two additional claims: (1) that he was "denied due process and equal protection of the

law" because the trial court improperly allowed testimony and a demonstration with a weapon other than the alleged murder weapon; and (2) that he was denied effective assistance of counsel because his counsel did not object to the prosecution's introducing testimonial evidence "relating to a gun which was not the murder weapon." (#8-11 at p. 30-33)

The Court held a hearing on the Rule 37 petition. During the hearing, Petitioner's counsel argued the ineffective assistance of counsel claim raised in the initial Rule 37 petition. (#8-11 at pp. 7-9) Petitioner's counsel also asked the Court to consider the claims raised in the amended petition but did not specifically ask the court for a ruling on Petitioner's motion to amend. (#8-11 at p. 8)

In an order filed August 16, 2006, the trial court denied Petitioner's Rule 37 petition. The trial court found that Petitioner's trial counsel was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1994), because it would not have been appropriate for Petitioner's counsel to pursue a justification defense and self-defense simultaneously. (#8-9 at p. 2, 4) In its order denying relief, the trial court did not address Petitioner's motion to amend or any of the claims raised in the motion.

On August 23, 2006, Petitioner's post-conviction counsel filed a notice of appeal of the trial court's order denying him relief under Rule 37. (#8-11 at p. 40) On September 1, 2006, Petitioner's counsel filed an amended notice of appeal to correct a typographical error in the original notice. (#8-11 at p. 41) Petitioner's counsel lodged the

record on appeal on November 14, 2006 and then was relieved as Petitioner's counsel. *Johnson v. State*, No. CR 06-1304, 2007 WL 1509326 at *1 (May 24, 2007).

In April, 2007, while his appeal was pending before the Arkansas Supreme Court, Petitioner filed a pro se motion with the trial court requesting that the court modify its order denying relief on his Rule 37 petition. Petitioner asked the court to address the claims raised in his motion to amend his Rule 37 petition in its modified order. (#8-11)

On the same day Petitioner filed his brief in the Arkansas Supreme Court, he also filed a motion asking the Arkansas Supreme Court to allow him to supplement his brief as soon as the trial court ruled on his motion to modify. The Arkansas Supreme Court denied Petitioner's motion. *Johnson*, No. CR 06-1304, 2007 WL 1509326 at *1 (May 24, 2007). The court stated that it was denying the motion, "because appellant chose to file a notice of appeal from the court's order and proceed with an appeal to this court rather than seeking a ruling on the omitted issue when he had the opportunity to do so." *Id*. By filing a notice of appeal, "the trial court lost jurisdiction to enter any further rulings on the Rule 37.1 petition." *Id*.

On June 1, 2007, Petitioner filed a motion with the Arkansas Supreme Court to reinvest jurisdiction in the trial court to obtain a ruling on the omitted issue. *Johnson v. State*, No. CR 06-1304, 2007 WL 2792432 at *1 (Sept. 27, 2007) Petitioner argued he had been unfairly prejudiced by his post-conviction counsel's filing of a notice of appeal before seeking a ruling on the issue. *Id*. The Arkansas Supreme Court denied the motion

4

"because appellant had a remedy available to him in the form of a motion for a ruling on the omitted issue timely filed before the notice of appeal was filed and the appeal perfected." *Id*.

On April 24, 2008, the Arkansas Supreme Court affirmed the trial court's denial of Petitioner's Rule 37 petition. *Johnson v. State*, No. CR 06-1304, 2008 WL 1821985 at *1 (April 24, 2008). The Arkansas Supreme Court noted the Petitioner had filed a motion for leave to amend his Rule 37 petition with the trial court, but stated "[i]ssues raised in the amended petition will not be considered on appeal as appellant failed to obtain the trial court's permission to amend the petition, and the amended petition was filed in the trial court outside of the sixty-day time limitation set forth in Ark. R. Crim. P. 37.2(c)." *Id*.

The Arkansas Supreme Court went on to address the ineffective assistance of counsel claim raised in the original Rule 37 petition. *Id*. The Court held that the trial court's findings – that the decision not to pursue a justification defense was one of strategy and that presenting both defenses might have resulted in a more severe punishment – were not clearly erroneous and affirmed. *Id*.

Petitioner brings the following claims in this petition for writ of habeas corpus under 28 U.S.C. § 2254: (1) ineffective assistance of trial counsel for failing to advise him of his defense options and to pursue a justification defense; (2) the Arkansas Supreme Court denied him due process on appeal of his Rule 37 motion because it did not

address the claims he raised in his motion to amend his Rule 37 petition; (3) the trial court denied him due process by admitting "highly prejudicial and improper testimony;" and (4) ineffective assistance of trial counsel for failing to object to prejudicial and improper testimony. (#2 at pp. 4-5)

Respondent argues that the Arkansas Supreme Court's adjudication of Petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of established Federal law. (#8 at pp. 4-8) Respondent contends Petitioner's second claim is not cognizable in a habeas corpus petition because it does not raise a violation of the Constitution or the laws or treaties of the United States. (#8 at pp. 8-9) Finally, Respondent contends Petitioner's third and fourth claims are procedurally defaulted because Petitioner failed to exhaust the claims with the state courts. (#8 at pp. 9-11) For the reasons set forth below, the Court recommends that the District Court dismiss all of Petitioner's claims.

## III.   Discussion

A.   *Ineffective Assistance of Counsel for Failure to Raise a Justification Defense*

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28

U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct.

2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a

conclusion opposite to that reached by the [United States Supreme] Court on a question of

law or if the state court decides a case differently than the [United States Supreme] Court

has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-

13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court

identifies the correct governing legal principle from the [United States Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Williams,* 529 U.S. at 413.  "In other words, it is not enough for us to conclude that, in our

independent judgment, we would have applied federal law differently from the state

court; the state court's application must have been objectively unreasonable." *Rousan v.

Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

In addition, in a federal habeas proceeding, a state court's factual findings are

entitled to a presumption of correctness, absent procedural error.  Those findings may be

set aside "only if they are not fairly supported by the record." *Middleton v. Roper,* 455

F.3d 838, 845 (8th Cir. 2006) (quoting *Purkett v. Elem.*, 514 U.S. 765, 769, 115 S.Ct.

1769 (1995)).

In his Rule 37 petition, Petitioner claimed that his counsel was ineffective for failing to fully explain to him his defense options and for failing to defend him on a theory of justification.  The trial court held "a simultaneous defense of actual innocence and self-defense, such as the one suggested during the hearing, is not an appropriate trial strategy to present to a jury.  Further, more likely than not such a defense would have resulted in a more severe punishment of the defendant."  (#8-9 at pp. 3-4)

On appeal to the Arkansas Supreme Court, Petitioner again claimed ineffective assistance of trial counsel alleging his counsel failed to fully explain his defense options and failed to pursue a justification defense.  The Arkansas Supreme Court set forth the standard articulated by the United States Supreme Court in *Strickland* and analyzed Petitioner's claim under that standard.  *Johnson*, 2008 WL 1821985 at *1.

Based on a review of the record, the state courts' findings of fact and conclusions of law are imminently reasonable.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691.  At Petitioner's post-conviction hearing, trial counsel testified that he was aware of the possibility of pursuing a justification defense, but when he discussed the defense with Petitioner, Petitioner wanted him to pursue a general denial defense and refused to testify in his own defense.  (Respondent's Exhibit K at pp. 55-56, 59-60, 63-64)  Petitioner did not testify at the post-conviction proceeding.  (Respondent's Exhibit K at p. 77)  Thus, trial counsel's testimony on this point was unrebutted.

8

Petitioner's trial counsel's decision to present Petitioner's desired defense supports a conclusion of reasonably effective assistance.  See *Middleton v. Roper*, 455 F.3d 838, 848 (8th Cir. 2006).  Accordingly, the Court recommends that the District Court dismiss Petitioner's ineffective assistance of counsel claim.

B.      *Due Process on Appeal of Trial Court's Denial of Rule 37 Relief*

For his second claim for habeas relief, Petitioner claims he was unable "to obtain meaningful review of material issues" in the "post-conviction proceedings afforded by the State."  (#2 at p. 4)  Specifically, Petitioner claims that under Arkansas Rule of Criminal Procedure 37.2(e), he was entitled to amend his Rule 37 petition prior to the court's acting on the petition.  Petitioner claims the court heard argument on the subject of the amended petition at the Rule 37 hearing, but then erred by not including a discussion of the claims raised in the amended petition in its order.  Petitioner also claims that, on appeal, the Arkansas Supreme Court "misrepresented the law in failing to allow Petitioner an option to obtain relief and a ruling on this issue thereby depriving him of due process and meaningful review."  (#2 at p. 4)

Petitioner claims the state courts have denied him "due process" by incorrectly applying their own procedural rules during the post-conviction process.  The Court of Appeals for the Eighth Circuit has rejected federal habeas claims based on alleged defects in state court post-conviction proceedings as opposed to defects in proceedings leading to the judgment that forms the basis for incarceration.  See *Jolly v. Gammon*, 28 F.3d 51, 54

(8th Cir. 1994) (no constitutional right to post-conviction counsel, so counsel's failure to raise a claim on post-conviction relief cannot constitute cause to overcome procedural default); *Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir. 1989) cert. denied, 493 U.S. 1028, 110 S.Ct. 739 (1990) (rejecting habeas claim that state court's violation of a state rule concerning a post-conviction Rule 37 proceeding violated petitioner's due process rights where petitioner had not alleged the violation of any constitutional standard which applies to Arkansas's post-conviction review process); *Noble v. Sigler*, 351 F.2d 673, 678 (8th Cir. 1965), cert. denied, 385 U.S. 853, 87 S.Ct. 98 (1966) ("infirmities in a state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction"); *Walker v. Norris*, No. 5:07CV00213, 2009 WL 3430138, *7 (E.D. Ark. Oct. 22, 2009) (denying petitioner's habeas claim that his due process rights were violated by the trial court's denial of his request for an evidentiary hearing and for production of documents during the Rule 37 proceeding).

To the extent Petitioner contends that the state courts applied their procedural rules arbitrarily in violation of his due process rights, this claim also fails.  Under Rule 37.2(e), a Rule 37 petitioner must obtain the trial court's permission to amend his petition.  The Arkansas Supreme Court found that under Arkansas Rule of Criminal Procedure 37.1, Petitioner had an opportunity to obtain a ruling from the trial court on the motion and claims not addressed in the trial court's order before he filed a notice and perfected his appeal. *Johnson v. State*, No. CR 06-1304, 2007 WL 2792432 at *1 (Sept. 27, 2007)

(citing *Rutledge v. State*, 361 Ark. 229, 205 S.W.3d 773).  The court held that, under

settled Arkansas law, it was Petitioner's obligation to obtain a ruling on the motion to

amend his petition, and his failure to do so prohibited appellate review of the claims

raised in the motion.  *Johnson*, 2008 WL 1821985 at *1.  Accordingly, the Arkansas

Supreme Court declined review of Petitioner's claims based on an independent and

adequate state ground.  See *Lee v. Kemna*, 213 F.3d 1037, 1038 (8th Cir. 2000) (per

curiam), cert. granted, 531 U.S. 1189, 121 S.Ct. 1186 (2001) (a district court is precluded

from considering any issue that a state court has already resolved on an independent and

adequate state ground).

Petitioner's claim that his due process rights were violated by the state courts

during the post-conviction process is not cognizable in this habeas proceeding and should

be dismissed.

C.     *Procedural Default*

Before seeking federal habeas review, a state prisoner must first fairly present the

substance of each claim to each appropriate state court, thereby alerting those courts to

the federal nature of his claims and giving them an opportunity to pass upon and correct

any constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); see 28 U.S.C.

§ 2254(b) and (c).

Claims in a federal habeas petition not presented in the state court proceedings and

for which there is no remaining state court remedy are defaulted, and a habeas petitioner's

default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If no cause is shown, the prejudice element need not be addressed. *Cagel v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007).

As set forth above, Petitioner procedurally defaulted the following claims he raised in his motion to amend his Rule 37 petition: (1) that he was "denied due process and equal protection of the law" because the trial court improperly allowed testimony and a demonstration with a weapon other than the alleged murder weapon; and (2) that he was denied effective assistance of counsel because he did not object to the prosecution's introducing testimonial evidence "relating to a gun which was not the murder weapon." (#8-11 at p. 30-33) These claims fail unless Petitioner can establish cause for the default and actual prejudice.

1.     *Cause and Prejudice*

Cause for a procedural default is established when "some objective factor external to the defense impede[s] . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). Reading Petitioner's pleadings liberally, he claims that the trial court's failure to rule on his motion to amend his Rule 37 petition and the Arkansas Supreme Court's refusal to review the claims in his motion to

12

amend were external factors causing his procedural default. Under Arkansas post-conviction procedure, however, Petitioner had the opportunity to request that the trial court modify its order to include a ruling on the claims that were not addressed in the court's order. *Johnson*, 2007 WL 1509326 at *1 (citing *Rutledge v. State*, 361 Ark. 229, 205 S.W.3d 773 (2005) (per curiam)). The Arkansas Supreme Court noted that under Arkansas law it is the appellant's obligation to obtain a ruling on any omitted issues in order to preserve the issues for appeal. *Id*. Consequently, Petitioner's default was not caused by an external factor, but rather by his own failure to request a modification of the order prior to filing a notice of appeal and perfecting the record on appeal. *Id*.

To the extent Petitioner claims that his default was caused by his post-conviction counsel's filing a notice of appeal before seeking a ruling on the omitted issues in the trial court's order, this claim also fails. A defendant is not constitutionally entitled to effective assistance of counsel in state post-conviction proceedings. See *Coleman*, 501 U.S. at 752. Consequently, any post-conviction advice Petitioner received from his attorney or any actions taken or not taken by his attorney cannot constitute cause for a procedural default. See *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005) (citing *Nolan v. Armantrout*, 973 F.2d 615, 617 (8th Cir. 1992)).

Because Petitioner has not established cause for his default, the Court will not address prejudice.

2.      *Miscarriage of Justice*

13

Petitioner also may overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice.  To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Cagel v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*.  A claim of actual innocence requires that petitioner "support his allegation of constitutional error with new reliable evidence. . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)).  Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence.  *Id*.

Petitioner does not claim actual innocence and has not come forward with any new evidence of actual innocence to establish a miscarriage of justice.  Thus, his remaining claims should be dismissed as procedurally barred.

IV.    **Conclusion**

The Arkansas Supreme Court's decision upholding the trial court's denial of Petitioner's ineffective assistance of counsel claim for failure to raise a justification defense was not "contrary to" or an "unreasonable application of clearly established federal law," or an "unreasonable determination of the facts."  See 28 U.S.C. § 2254(d)

14

and (e).  Petitioner defaulted his other constitutional claims by failing to properly raise them in the state court post-conviction and appellate proceedings.

Accordingly, the Court recommends that the District Court dismiss Terrance Johnson's petition with prejudice, this 25th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE